Missouri, Kansas & Texas Railway Company of Texas v. W. C. Snowden et al.

Decided December 19, 1906.

**1.—Railway—Injury to Person on Track.**

Recovery of damages sustained, in suit by parents for death of boy struck by train while walking on track, under circumstances held to constitute him a licensee rather than a mere trespasser, and to support a finding of negligence by defendant and absence thereof by the injured party.

**2.—Pleading—Trespasser or Licensee.**

Allegations of customary and long continued use of railway track by the public as a pathway, held sufficient to show one using it to be a licensee and not a trespasser.

**3.—Railway—Negligence—Speed—Signals.**

Allegations and proof that defendant railway was negligent toward a licensee walking on its track in running at a high rate of speed and rounding a curve down grade without giving warning signals, held sufficient to warrant the submission of the issue of fact as to whether such omissions were negligence.

**4.—Death—Damages—Parent.**

Allegations that plaintiffs, who sued on account of the death of their son, thirteen years old, had a reasonable expectation of pecuniary aid from him after he attained his majority, held sufficient, and the question of such expectation held properly submitted to the jury under the proof offered.

Appeal from the District Court of Bastrop County. Tried below before Hon. Ed. R. Sinks.

*Page, Wiley & Price,* for appellant.—To constitute a cause of action

against appellant, appellees' petition must allege facts sufficient to show that their son, Charley Snowden, was a licensee upon the track at the time and place of his death, and that he was not guilty of negligence in being on the track or of contributory negligence in going upon the track, or while walking thereon. St. Louis Southwestern Ry. Co. of Texas v. Shiflet, 83 S. W. Rep., 677 (same case formerly before the court in 94 Texas, 131); Missouri Pac. Ry. Co. v. Brown, 18 S. W. Rep.; 670; Smith v. Fordyce, 18 S. W. Rep., 663; Houston & T. C. Ry. Co. v. Richards, 59 Texas, 373; Hughes v. Galveston, H. & S. A. Ry. Co., 67 Texas, 595; Gulf, C. & S. F. Ry. Co. v. York, 74 Texas, 364; Galveston, H. & S. A. Ry. Co. v. Ryon, 80 Texas, 59.

Appellant did not owe Charley Snowden any duty, as a trespasser or as a licensee, with reference to the rate of speed at which it was running its train, or with reference to the construction and maintenance of its roadbed and track. Houston & T. C. R. R. Co. v. Sgalinski, 46 S. W. Rep., 113.

The place alleged is not a place where the law requires appellant, in the operation of its trains, to slacken speed or to blow the whistle and ring the bell. Rev. Stats., art. 4232; Houston & T. C. R. R. Co. v. Sgalinski, 46 S. W. Rep., 113.

The allegation is insufficient to admit proof as to expected pecuniary benefits after majority. Missouri, K. & T. Ry. Co. v. Rodgers, 39 S. W. Rep., 383; Houston & G. N. Ry. Co. v. Miller, 49 Texas, 322.

*C. W. Webb* and *Orgain & Mayward,* for appellees.—The allegations of plaintiff's petition are sufficient to show that Charley Snowden was a licensee on the track at the time and place he was killed. Gulf, C. & S. F. Ry. Co. v. Matthews, 88 S. W. Rep., 192; Texas Midland R. R. v. Byrd, 90 S. W. Rep., 185; Texas & P. Ry. Co. v. Ball, 85 S. W. Rep., 458; Texas & P. Ry. Co. v. Watkins, 88 Texas, 20; Shiflet v. St. Louis S. W. Ry. Co., 44 S. W. Rep., 920; Hutchens v. St. Louis S. W. Ry., 89 S. W. Rep., 25; Texas & P. Ry. Co. v. Harby, 67 S. W. Rep., 542; Law v. Missouri, K. & T. Ry. Co., 67 S. W. Rep., 1025-1028.

Whether the common or habitual use of the railroad track as a footpath constituted the person using the railroad track a licensee or not, the fact that it was so used and such use was known to the defendant company made it the duty of the employes of the company in the operation of its train, in the exercise of ordinary care, to keep a lookout for persons who might be on the track and to operate its trains with care to avoid injury to them. Texas P. Ry. Co. v. Harby, 67 S. W., 542; St. Louis & T. Ry. Co. v. Crosnoe, 72 Texas, 82; Houston & T. C. Ry. Co. v. Sympkins, 54 Texas, 615; Texas & P. Ry. Co. v. Watkins, 88 Texas, 20-25; St. Louis S. W. Ry. Co. v. Shiflet, 83 S. W. Rep., 678, 679; Texarkana & Ft. S. Ry. Co. v. Frugia, 16 Texas Ct. Rep., 727; Hutchens v. St. Louis S. W. Ry., 89 S. W. Rep., 25.

Whether the employes of the railroad exercised ordinary care in operating the train was a question for the jury. Houston & T. C. Ry. Co. v. Boozer, 70 Texas, 536; Texas & P. Ry. Co. v. Harby, 67 S. W. Rep., 542; Shiflet v. St. Louis & S. W. Ry. Co., 44 S. W. Rep., 920; Missouri, K. & T. Ry. Co. v. Bellew, 54 S. W. Rep., 1079; Law v. Missouri, K. & T. Ry. Co. of Texas, 67 S. W. Rep., 1025.

The amount of damages plaintiffs had a right to recover in this case consists of the pecuniary value of the child's life to the parents, and there is no rule that confines these damages to a portion of the child's probable lifetime. Rev. Stats., art. 3027; San Antonio St. Ry. Co. v. Mechler, 29 S. W. Rep., 203; San Antonio St. Ry. Co. v. Mechler, 87 Texas, 636; Taylor B. & H. Ry. Co. v. Warner, 84 Texas, 125; Houston City St. Ry. Co. v. Sciacca, 80 Texas, 355; Cole v. Parker, 66 S. W. Rep., 136; Galveston, H. & S. A. Ry. Co. v. Power, 54 S. W. Rep., 629; San Antonio Traction Co. v. White, 60 S. W. Rep., 324; San Antonio Traction Co. v. White, 94 Texas, 469.

KEY, Associate Justice.—Charley Snowden, a boy thirteen years and ten months old, while walking on the railroad track of the Missouri, Kansas & Texas Railway Company, at a point about two miles south of the town of Elgin, was struck by a southbound passenger train and killed. Thereafter his father and mother brought this suit against the railway company to recover damages on account of the alleged wrongful killing of their son.

The plaintiffs alleged in their petition that the point on the railroad track where the deceased was struck was on a dump 20 feet high and sixty yards south of a trestle bridge; that the right of way of the railroad was fenced on each side with barbed wire, extending to a point opposite each end of said bridge, and then into and connecting with the trestle of said bridge; that at each end of the bridge on the west side there were wooden stile steps, constructed by the defendant, over which persons walking along the track could pass over the wire fences, instead of walking on said trestle bridge, thereby extending to the public an implied invitation to use said roadbed and steps as a walk-way; that there were at that time, and had been for eight or ten years prior thereto, a beaten pathway between the rails along and over said railroad traveled by the public generally, leading to and from and over said steps and up the embankment or dump onto the railroad track and along said track, and a beaten pathway on the ground along the side of the trestle bridge from one of said steps to the other; that said railroad track at that time, and for many years prior thereto, at the place where the plaintiffs' son was killed, and for a distance of more than half a mile south therefrom and leading on up to the south end of said bridge and along said path down said railroad dump on the south end of said bridge and over said steps and along said path to the steps at the north end of said bridge and over said steps and along the path up the dump onto the railroad track, and thence along said track to the town of Elgin was a footpath and traveled way by common use and custom and by permission and acquiescence of the said railway company, and with its knowledge and consent was in common and constant use by pedestrians; that such use had been so common, constant and notorious and for such length of time as to apprise the defendant of such use and of the probable presence of persons on the railroad track at the time and place when the child was killed. The petition then charged that the defendant was guilty of negligence (1) in running the train at a very high and dangerous rate of speed when it approached and passed a curve on a descending grade approaching the bridge and when it struck and killed the

boy; (2) in failing to keep a proper lookout for persons who might be in the traveled way on the railroad track, at or near the place where the boy was killed; (3) in failing to ring the bell or blow the whistle when the train came around the curve north of the bridge, or when it approached the descending grade; (4) that if the employes operating the train discovered Charley Snowden on the track, they were negligent in not ringing the bell and blowing the whistle, and in not stopping the train or lessening the speed thereof.

The defendant's answer contained a general demurrer several special exceptions, a general denial and a special denial of some of the allegations in the plaintiffs' petition. It also charged that Charley Snowden, on the occasion in question, was a trespasser on the railroad track, and was guilty of contributory negligence; that he knew that it was dangerous to walk on the railroad bed between the rails and assumed the risk involved in doing so. It also charged that he was guilty of contributory negligence in failing to look and listen for approaching trains.

There was a jury trial which resulted in a verdict and judgment for the plaintiffs for $5,000, and the defendant has appealed.

The verdict of the jury, in effect, finds that the defendant was guilty of negligence in one or more of the particulars charged, and that the deceased was not guilty of contributory negligence. These findings are supported by testimony and adopted by this court.

The first, second and third assignments of error are addressed to the action of the court in overruling certain exceptions to the plaintiffs' petition. Under these assignments appellant's main contention seems to be that the petition fails to show that Charley Snowden was a licensee and not a trespasser upon the railroad track, and the case of St. Louis S. W. Ry. Co. v. Shiflet. 83 S. W. Rep., 677, is relied upon as authority for such contention. We overrule these assignments. In the later case of Gulf, C. & S. F. Ry. Co. v. Matthews, 88 S. W. Rep., 192, the Supreme Court lays down the correct rule, and this case comes within that rule. Furthermore, in this case it was alleged by the plaintiffs that the pathway on the defendant's railroad track where the boy was killed had, for ten years or more, been constantly and commonly used by the public by permission and with the knowledge and consent of the defendant; and the Shiflet case does not hold that under such state of facts a person on a railroad track would be a trespasser.

The fourth and fifth assignments complain because the court refused to sustain special exceptions to that part of the petition charging that the train was running at a high and dangerous rate of speed, etc., and that it was the duty of the defendant to slacken the speed of the train and to have blown the whistle and rung the bell when the train came around the curve and when it approached and descended the down grade. Inasmuch as there is no statute which required whistle or bell signals, or limited the rate of speed at the time and place in question, it is contended that the failure to give such signals, or to limit the rate of speed, would not be negligence nor ground for complaint. In the absence of a statutory requirement the matters complained of would not be negligence per se, but they might fail to comport with what would have been the conduct of a person of ordinary prudence under like circumstances, and therefore constitute negligence. The petition charged that the de-

fendant was guilty of negligence in the particulars named, and whether or not such facts constitute negligence, was a question of fact to be decided by the jury. (Galveston, H. & S. A. Ry. v. Duelm, 23 S. W. Rep., 596; s. c. by Supreme Court, 25 S. W. Rep., 406; Houston & T. C. Ry. v. Goodman, 85 S. W. Rep., 493; Texas & Pac. Ry. v. Harby, 67 S. W. Rep., 541; Texas & Pac. Ry. v. Watkins, 88 Texas, 24.) The sixth assignment presents substantially the same questions that are presented by the fourth and fifth, and for the reasons just stated, that assignment is overruled.

The plaintiffs alleged in their petition that after the majority of Charley Snowden plaintiffs had the reasonable expectation of receiving pecuniary benefits, and would have received such benefits from him of the value of $5,000. The defendant excepted to that paragraph of the petition upon the grounds that such damages are not recoverable in law; and, if recoverable, said allegations are insufficient to admit of recovery. The exception was, in substance, a general demurrer, and the court properly overruled it, and correctly admitted the testimony offered by the plaintiffs on that branch of the case, and properly and fairly submitted that issue to the jury.

There are many other assignments, some addressed to the action of the court in admitting testimony, and others to the submission of certain questions to the jury, but all resting upon the proposition that the undisputed testimony showed that the deceased was a trespasser on the occasion in question, and the plaintiffs not entitled to recover. We have already ruled against that contention, and it is unnecessary to consider in detail the several assignments referred to.

We think the court's charge on contributory negligence was correct, and properly submitted that issue to the jury, and that no error was committed in refusing the special instruction upon that subject requested by the defendant.

All the questions presented in appellant's brief have received due consideration, and our conclusion is that none of them show reversible error, and therefore the judgment is affirmed.

*Affirmed.*

Writ of error refused.