ST. LOUIS, SAN FRANCISCO & TEXAS RAILWAY COMPANY v. S. H. BOLEN ET AL.

Decided May 28, 1910.

### 1.—Railroads—Duty of Lookout—Negligence.

It is the duty of the employes of a railroad company operating its trains to exercise ordinary care and caution to discover persons on its track at places where they may be expected to be found, and a failure to use such care and caution is negligence on the part of the company.

### 2.—Same—Evidence.

Evidence considered and held sufficient to support the verdict of a jury finding that the operatives of a railroad train, which ran over and killed a child seven and one-half years old while walking along a railroad track, failed to keep a proper lookout for persons on the track, and that had such lookout been kept the presence of the child on the track would have been discovered in time to have avoided, by the exercise of ordinary care, injuring him, and that the failure to keep such lookout they were guilty of negligence.

### 3.—Jury—Credibility of Witness.

A jury is not bound to accept as true the testimony of a witness although there be no direct testimony contradicting him.

**4.—Infant—Contributory Negligence—Question of Fact.**

The conduct of an infant of tender years in the matter of contributory negligence is not to be judged by the same rules which govern that of an adult. In the case of a child seven and a half years old going upon and walking along a railroad track where he was killed by a railroad train, evidence considered and held to raise a question of fact on the issue of contributory negligence which was properly submitted to the jury and which was sufficient to support a verdict against the railroad company.

**5.—Parents—Contributory Negligence—Question of Fact.**

Whether or not parents are guilty of contributory negligence in permitting a child of tender years to go upon a railroad track is ordinarily a question of fact for the jury, and not the court, to decide. Evidence considered and held sufficient to support a verdict in favor of parents on this issue.

**6.—Death of Infant—Damage to Parents—Question of Fact.**

Whether or not parents had a reasonable expectation of receiving any pecuniary benefits from an infant, who had been negligently killed by a railroad company, either during his minority or after he attained his majority, is ordinarily a question of fact for determination by the jury under all the evidence; and the fact that the amount of damages is difficult or impossible of accurate ascertainment is not sufficient to justify a denial of a recovery; this must be left to the discretion of the jury; it is not necessary that any witness should name a particular amount.

**7.—Same—Verdict not Excessive.**

A verdict for $3,500 held not excessive in the case of parents suing for the negligent killing of their only child, a boy seven and a half years old, the parents being thirty-three and thirty years of age respectively.

Appeal from the District Court of Grayson County. Tried below before Hon. B. L. Jones.

*Andrews, Ball & Streetman* and *Head, Dillard, Smith & Head,* for appellant.—The allegations in plaintiff's petition and the undisputed evidence, showed that the view was unobstructed for a long distance in the direction from which the train was approaching; and that, had Clarence Bolen looked in that direction before entering upon the track he would have seen the train in ample time to have avoided injury therefrom; and that his failure to look constituted contributory negligence on his part. San Antonio & A. P. Ry. Co. v. Sanches, 88 Texas, 117; St. Louis S. W. Ry. Co. v. Shiflet, 94 Texas, 131.

The undisputed evidence in this case shows that Clarence Bolen, a child seven years old, was permitted by plaintiffs to use the railroad track as a common pathway in going unattended, to and from his school, and plaintiffs were thereby guilty of such contributory negligence as will preclude them from recovering herein. Williams v. Texas & P. Ry. Co., 60 Texas, 205.

The evidence being undisputed that Clarence Bolen, at the time he was killed, was only seven years old, and that his parents were thirty-three and thirty years old respectively, there was no basis for the allowance of damages to the plaintiffs for anticipated pecuniary benefits they would have received from Clarence before or after he attained his majority, and the jury should have been so instructed. Houston & T. C. Ry. Co. v. Nixon, 52 Texas, 19; Brunswig v. White, 70 Texas, 504; San Antonio & A. P. Ry. Co. v. Long, 87 Texas, 148; Little

Rock & Ft. S. Ry. Co. v. Barker, 33 Ark., 350; St. Louis, I. M. & S. Ry. Co. v. Freeman, 36 Ark., 41; St. Louis, I. M. & S. Ry. Co. v. Davis, 18 S. W., 628; Cooper v. Lake Shore & M. S. Ry. Co., 66 Mich., 261; Pennsylvania Ry. Co. v. Zebe, 33 Pa. St., 318; State v. Baltimore & O. R. Co., 24 Md., 84; Lehigh Iron Co. v. Rupp, 100 Pa. St., 95.

*Wolfe, Hare & Maxey,* for appellees.—The question of contributory negligence under the evidence in this case, was for the jury to determine under appropriate instructions from the court, and this issue was properly submitted to the jury in the charge of the court. St. Louis & S. F. Ry. Co. v. Christian, 8 Texas Civ. App., 246; Evansich v. Gulf, C. & S. F. Ry. Co., 57 Texas, 128; International & G. N. R. Co. v. Dyer, 76 Texas, 161; International & G. N. R. Co. v. Neff, 87 Texas, 308; Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 58.

Whether or not plaintiffs were guilty of contributory negligence was a question for the jury to determine from all the facts and circumstances in evidence, and this issue was properly and correctly submitted to the jury by the court. Lee v. International & G. N. R. Co., 89 Texas, 588; Merchants & Planters Oil Co. v. Burns, 96 Texas, 577; Bowman v. Texas Brewing Co., 17 Texas Civ. App., 446.

The matter of pecuniary benefits appellees might reasonably have expected to receive from deceased, was for the the jury to determine in their sound discretion from all the facts and circumstances in evidence in the case. Brunswig v. White, 70 Texas, 511; Ft. Worth & D. C. Ry. Co. v. Measles, 81 Texas, 477; Houston City St. Ry. Co. v. Sciacca, 80 Texas, 355.

The amount of the verdict does not suggest that the jury was influenced by passion, prejudice, partiality or any other improper motive, and is amply supported by the evidence in the case. San Antonio St. Ry. Co. v. Watzlavick, 28 S. W., 116; Austin Rapid Trans. Ry. Co. v. Cullen, 29 S. W., 257; Taylor, B. & H. Ry. Co. v. Warner, 31 S. W., 67.

TALBOT, ASSOCIATE JUSTICE.—Appellees S. H. Bolen and Bertha Bolen, husband and wife, brought this suit against the appellant to recover damages sustained by them on account of the death of their son, Clarence Bolen, who was killed by being run over by one of appellant's trains, while walking upon its track in the city of Denison. The ground of negligence alleged, and, upon which the case was submitted to the jury, was the failure of the employees in charge of the train to keep a proper lookout to discover persons on the railroad track. The defendant answered by general denial and special plea of contributory negligence, both upon the part of the deceased, Clarence Bolen, and his parents, the plaintiffs herein. A jury trial resulted in a verdict and judgment in favor of the plaintiffs for $3500 and defendant appealed.

The evidence shows that Clarence Bolen, son of the plaintiffs, at the time of his death was about seven and one-half years of age. About 3.30 o'clock in the afternoon of October 19, 1908, while returning to his home from school in company with another little boy

nine years old, named Arthur Dereberry, a freight train which was being operated by the defendant's employees over the Houston & Texas Central Railroad, in the city of Denison, ran over and killed him. He went upon the railroad track from the east side, and where what is known as the north path, crossed said track, and was struck at a point ninety feet south of said path. The railroad track at the place where the deceased was killed, had been commonly and habitually used for many years as a footway, with the permission or acquiescence of the defendant and its lessor, the Houston & Texas Central Railroad Company, by a great number of children going to and from school, and by the public generally. The track was straight for a long distance north of where the accident occurred and in the direction from which the train that killed Clarence Bolen was coming, and there was nothing to obstruct the view of the employees operating the engine or prevent them from seeing a person on the track at the point where the deceased was killed.

The propositions contended for by appellant under its first assignment of error, which complains of the court's action in overruling its motion for a new trial, are in substance: (1) that the evidence failed to disclose any negligence on the part of the defendant; (2) the undisputed evidence showed that the view was unobstructed for a long distance in the direction from which the train was approaching, and that Clarence Bolen's death was due to his negligence in failing to look in that direction for trains; (3) the undisputed evidence showed that Clarence Bolen was permitted by plaintiffs o use the railroad track as a pathway unattended to and from school, and plaintiffs were thereby guilty of contributory negligence; (4) the evidence did not show that plaintiffs had a reasonable expectation of receiving any pecuniary benefits above the expense of his care, maintenance and education, from Clarence Bolen during his minority; (5) the evidence did not show that plaintiffs had any reasonable expectation of receiving any pecuniary benefit from Clarence Bolen after he attained his majority.

It is the settled law of this State that it is the duty of the servants of a railway company operating its trains, to exercise ordinary care and caution to discover persons on its track, at places where they may be expected to be found, and that a failure to use such care and caution is negligence on the part of the company. The undisputed evidence shows that the deceased, Clarence Bolen, was killed in the daytime by one of appellant's trains, at a point where the railroad track had been commonly and habitually used for a long time by school children in going to and returning from school, and by the public generally, as a footpath, with the knowledge and acquiescence or by permission of the appellant. The track was straight for a considerable distance north of where the accident occurred and in the direction from which the train was approaching, and there was nothing, whatever, to obstruct the view of the operatives of the engine or prevent them from seeing a person on the track at the place where the deceased was killed, for a distance of at least two thousand feet. The evidence offered by the appellees also justifies the conclusion that at the time Clarence Bolen went upon the track the train was

running from four to six miles an hour, and that the engine was far enough north of him to have been stopped or the speed of the train slackened and the collision avoided, if the employees of the appellant operating the engine had been keeping a lookout, and had discovered him when he went upon the track. There was expert testimony to the effect that the train was moving up grade and that, at the rate of speed it was going, could have been stopped within thirty feet. The engineer and fireman each testified that he was keeping a lookout for persons on the track, the fireman saying, in effect, that he did not see the deceased on the track until the engine was within a few feet of him, and the engineer, that he did not see him at all before he was struck. Mrs. Dereberry, the mother of Arthur Dereberry, testified: "I am the mother of the little boy, Arthur Dereberry, that was just on the witness stand. I am acquainted with Mr. and Mrs. Bolen, the plaintiffs in this case. . . . I knew their little boy, Clarence Bolen, before he was killed. . . . I just had gotten on the railroad and started down the track at the time Clarence Bolen was killed by the train that day. . . . I saw the little boys when they came up on the track. . . . I saw my boy Arthur come up and he was ahead of Clarence. When Clarence came up on the track I don't believe that the engine that run over him had gotten quite to Fannin Avenue where it crosses the railroad track. It hadn't got this side of it if it had gotten that far when Clarence got on the track. When I saw the train coming and saw the boys coming down the track I started running down the track and had a coat in my hand and was waving the coat for the little boys to get off the track. I was just waving the coat out this way violently back and forth across the track. . . . I got to my little boy before the train struck Clarence. I ran about forty or fifty yards after I saw Clarence get on the track before I met my little boy. Clarence was running when he came on the track and ran until the train struck him." Arthur Dereberry testified in substance that a train passed just before the one that killed Clarence Bolen came along; that when the first train passed he went upon the track just ahead of Clarence Bolen and ran down it without looking to see whether or not another train was coming until he met his mother; that when he got to his mother he looked around and saw Clarence coming down the track; that Clarence was running right in front of the train. The evidence further shows that from Fannin Avenue to the point where Clarence Bolen went upon the track, is 182 feet, and from this latter point to the place where Clarence was struck and killed is ninety feet, making the total distance traveled by the train, if this testimony is true, after the deceased entered upon the track and while he was running in front of the engine, 272 feet, when the train might have been stopped, if the proper effort had been made to stop it, within thirty feet. In this state of the evidence the jury were certainly authorized to find that appellant's employees in charge of the train that killed Clarence Bolen failed to keep a proper lookout for persons on its track; that had such lookout been kept the presence of the deceased on the track would have been discovered in time to have avoided, by the exercise of ordinary care, injuring

him, and that in the failure to keep such lookout they were guilty of negligence.

It is true the engineer and fireman testified they were keeping a lookout and failed to discover the deceased in time to prevent striking him, and that there is no direct testimony that they were not in fact keeping a lookout, but, notwithstanding this, the jury were not bound to accept their statements as true. The engineer testified that if at the time in question there was a woman coming down the track towards his engine waving a coat around her head, and if he had been looking out in front of his engine, there was nothing to hinder him from seeing her; that if there had been a boy between the rails that got on the track about Monterey Street and ran south, and he had been looking out ahead of his engine, there was nothing to keep him from seeing the boy. From all the facts and circumstances in evidence the jury were authorized to presume or infer, as their verdict indicates they did, that appellant's engineer and fireman did not in fact keep a lookout. Brown v. Griffin, 71 Texas, 654.

Did the evidence conclusively establish that the deceased, Clarence Bolen, was guilty of contributory negligence? We think not. "It is well settled that the conduct of an infant of tender years is not to be judged by the same rules which govern that of an adult. While it is the general rule in regard to an adult that to entitle him to recover damages for an injury resulting from the negligence of another he must himself have been free from fault such is not the rule in regard to an infant of tender years. The care and caution required of a child is according to its maturity and capacity only, and the law is to be determined in such case by the circumstances of that case." St. Louis & S. F. Co. v. Christian, 8 Texas Civ. App. 246 (27. S. W., 932); Evansich v. Gulf, C. & S. F. C., 57 Texas, 126; Sioux City & P. R. Co. v. Stout, 17 Wall., 660. It is also well settled, even in the case of an adult, that the court is authorized to take the question of negligence from the jury only when the act done is in violation of some statute or the evidence in relation thereto is undisputed and of such a character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it. Clarence Bolen was seven and a half years of age. He was a bright child, and one witness said: "In my judgment he had intelligence enough to know that the train was dangerous. I suppose he would know that a train was dangerous." There is no direct or positive testimony as to whether or not he looked or listened for trains just before he went upon the track, but the circumstances indicate that he did not. A train, however, had just passed going south and it is very likely that he and his companion, Arthur Dereberry, went upon the track not expecting another train to follow so soon. He and other children had been in the habit of walking upon the railroad track for a long time without injury, so far as the record shows, and whether his conduct on the occasion in question, under the circumstances surrounding him, was different from that which would ordinarily be expected of a child of his age,

intelligence and experience, and constituted negligence, was a question of fact for the jury and not one of law for the court.

Nor do we think the court was authorized to say that the plaintiffs were guilty of such contributory negligence in permitting the deceased to go upon the track as precludes them from recovery in this suit. As before stated, a great many children habitually walked upon and along the track in going to and from school. The plaintiffs lived on the opposite side of the railroad track from the school building and in going to and returning from school the deceased was necessarily compelled to cross the railroad track. It does not appear that it was necessary for him to walk upon the track further than to pass over it, but the distance traveled by the deceased and other children in going to and returning from school was only a short distance, and where the track was straight and nothing to prevent the operatives of trains from seeing a person thereon at a distance of more than two thousand feet. Mrs. Bolen, the mother of the deceased, had talked to him about walking along the track and tried to impress upon him the danger of doing so. She had a great many times warned him to be careful and watch for the trains and his replies were that he would not get hurt.

Railway Co. v. Christian, *supra,* was a suit by the father to recover damages on account of the death of his eight-year-old son who was killed while passing over a trestle forming a part of the railway company's roadbed. The refusal of the court in that case to instruct the jury, at the request of the defendant, to find for the company if the plaintiff consented for the deceased to walk upon the track, was assigned as error. In disposing of the assignment this court held that whether the plaintiff's consent for his son to walk upon the railroad track constituted negligence or not was a question for the determination of the jury and not the court. So in this case we think the question of contributory negligence on the part of the appellees was one for the jury.

We are also of the opinion that whether or not the plaintiffs had a reasonable expectation of receiving any pecuniary benefits, above the expense of care, maintenance and education, from their son, Clarence Bolen, during his minority, or such benefits after he attained his majority, were, under the evidence, questions of fact for the decision of the jury. The fact that the evidence of the damages suffered on account of the death of a young child may be indefinite, is not sufficient to justify a denial of a recovery. It is said that absolute accuracy with respect to the damages in such a case can not be attained, and therefore the amount must be left to the sound discretion and common sense of the jury. Houston City St. R. Co. v. Sciacca, 80 Texas, 355. In Ft. Worth & D. C. Ry. Co. v. Measles, 81 Texas, 477, the court in discussing the question, said: "It is extremely difficult, in fact, impossible, in this class of cases to procure expert testimony as to the value of a child's services. As the case is one involving injury to a child of undeveloped faculties, it would seem only to be necessary to prove the willingness and capacity of the child, his age and his relationship to the next of kin, and the extent to which he has

been injured, leaving to the jury as men of knowledge and experience in relation to matters of common observation, the task of assessing the pecuniary damages upon the facts proved." In Brunswig v. White, 70 Texas, 504, this language is used: "Where the testimony shows the bodily health and strength; the sprightliness or want of it, of mind; the aptitude and willingness to be useful in performing service; the mode such faculties are exercised, as in useful labor or otherwise; and when, from the age and undeveloped state of the child, any estimate of value of the services until majority would be a matter of opinion in which no particular or special knowledge in way of expert testimony could be procured better than the judgment and common sense of the ordinary juror called to the duty of determining such value, then, upon such testimony, the sound discretion of the jury would be relied on to determine the value, without any witness naming a sum." Again, in Missouri, K. & T. Ry. Co. v. Snowden, 44 Texas Civ. App. 509, (99 S. W., 865), the plaintiffs allege "that after the majority of Charley Snowden, (the deceased, a boy 13 years of age,) plaintiffs had the reasonable expectation of receiving pecuniary benefits and would have received such benefits from him of the value of $5,000." These allegations were excepted to on the ground that such damages were not recoverable in law. The Court of Civil Appeals for the Third District held that the trial court properly overruled the exception and correctly admitted the testimony offered on that branch of the case.

In the case at bar the evidence showed that deceased was a healthy boy, about seven and a half years of age at the time he was killed; that he was bright, intelligent and obedient to his parents, assisted his mother about the house, also carried in wood, etc.; that appellees were people of moderate financial circumstances, appellee S. H. Bolen being a teamster; that the deceased was the only child, and that appellees are thirty-three and thirty years of age, respectively. We think the evidence sufficient to meet the requirements of the rule announced in the decisions from which the foregoing excerpts are taken, and justifies the verdict of the jury awarding plaintiffs damages in the sum of $3,500. That the verdict is not excessive is illustrated by the following cases cited by appellee: San Antonio St. Ry. Co. v. Watzlavzick, 28 S. W., 116; Austin Rapid T. Ry. Co. v. Cullen, 29 S. W., 257; Taylor, B. & H. Ry. Co. v. Warner, 31 S. W., 67. In the first case here cited the suit was to recover damages on account of the death of a boy six years of age, and it was held that a verdict for $3,500 was not excessive. In the second the parent sued on account of the death of their son, aged twenty-five months, and a verdict of $6,000 was sustained by the court. The last case was one to recover for the death of a seven-year-old boy, and the court held a verdict of $5,000 not excessive.

The several assignments of error complaining of the court's general charge and the refusal of special charges requested, are overruled. The court's intructions were full and fair upon all the material issues involved in the case and the special charges, in so far as they embodied correct propositions of law applicable to the facts,

were sufficiently covered thereby. The evidence is sufficient to sustain the verdict of the jury, and, finding no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.