LANG FLORAL & NURSERY CO. v. WEBB et al. (No. 8864.)

(Court of Civil Appeals of Texas. Dallas. June 16, 1923.)

1. Trial ⟐89—Refusal to strike confused and self-contradictory testimony of witness held proper.

In an action by parents for the wrongful death of their son, nine years old, who, while crossing a street, was run over by defendant's auto truck, testimony of a witness to the accident which tended to prove the negligence of defendant's driver, though confused and even self-contradictory as to distances, held not so against the physical facts that it could be said its potency to raise any issue was destroyed, and it was therefore not error to refuse to strike it out.

2. Appeal and error ⟐1002—Verdict on conflicting evidence not disturbed on appeal.

A verdict based on conflicting evidence cannot be disturbed on appeal.

3. Death ⟐87—Pecuniary benefit element of damages for death of infant.

In an action by parents for the wrongful death of a minor child, the pecuniary benefit which they might reasonably have expected to receive from the child after its majority, if it had lived, is an element of damages.

4. Death ⟐104(5)—Charge on damages for death of child warranted.

In an action by parents for the wrongful death of their minor son, nine years old, evidence that the child was healthy and vigorous and that he was a willing helper to his parents held to warrant finding that he would have substantially contributed to the support of the parents if he had reached maturity and to warrant an instruction submitting the amount of such expectancy.

5. Trial ⟐260(8)—Requested instruction held properly refused in view of instruction given.

In an action by parents for the wrongful death of their minor son, nine years old, in view of the general charge which submitted the defenses as pleaded, it was not error to refuse defendant's requested instruction that, even if the physicians who treated the child and performed the operation on his leg used ordinary care, plaintiffs could not recover, unless the jury found that defendant was responsible for the original injury.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by A. B. Webb and another against the Lang Floral & Nursery Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Crane & Crane, of Dallas, for appellant.
George Clifton Edwards and Carden, Starling, Carden, Hemphill & Wallace, all of Dallas, for appellees.

JONES, C. J. This is an appeal by appellant, Lang Floral & Nursery Company, a corporation, from a judgment in the sum of $3,000 rendered by the district court of Dallas county, Tex., against it in favor of appellees, A. B. Webb and his wife, Mrs. A. B. Webb, on the verdict of a jury in an action for damages for the death of their minor son, alleged to have been caused by the negligent operation of an automobile by an employé of appellant.

On the occasion in question appellant's automobile was being driven north on Lancaster avenue, a public street in Oak Cliff, city of Dallas. Just before the accident, the deceased, a child nine years of age, was walking north on the sidewalk on the west side of Lancaster avenue, when, in the middle of the block, the deceased attempted to go directly across the avenue from west to east and was struck by the right front fender of the automobile and knocked down; the car passing over and injuring him. He was carried to the hospital, and it was discovered, among other injuries, that the bone between the knee and hip of one of his lower limbs was fractured. This bone was set by the surgeons in charge and placed in a plaster paris cast. The accident occurred on the 30th day of June, 1920. The child remained at the hospital for treatment, and it was discovered some days after the accident that the ends of the fractured bone were not uniting, and the surgeons in charge determined upon an operation known as "bone graft" in an effort to cause the ends of the bones to unite. This operation was performed on July 10, 1920, by competent surgeons, with the result that the child died on the operating table.

Appellees in their petition alleged that the death of the child was directly caused by the negligence of appellant's servant who was operating the truck at the time the child was struck. The grounds of negligence relied upon are: (a) The said servant's failure at the time of the accident to keep a proper lookout for any one who might cross the street in front of the truck, while operating same on a thickly populated thoroughfare of the city, and a failure to give any warning to deceased by the sounding of a horn or klaxon; (b) on the rate of speed at which the truck was being operated at the time of the accident; (c) a plea of discovered peril, and the failure of said servant to avoid the collision.

Appellant pleaded the general issue, and specially pleaded negligence of appellees, the parents of the child, in permitting him on the occasion in question to go on said Lancaster avenue without proper care or custody, and without being warned of the dangers attendant upon going upon said avenue and in attempting to cross said avenue between street intersections; also pleaded contributory negligence on the part of the child in attempting suddenly to cross Lancaster avenue between street intersections without first looking up and down the avenue to see if automobiles were approaching. The answer also alleged that the child was caused to be struck on said occasion by his own act in suddenly, and without any warning to the driver of the automobile, attempting to cross the street just immediately in front of said automobile.

The case was submitted on a general charge and authorized a recovery on each of the alleged acts of negligence. There was also submitted, affirmatively, each of the defenses set up by appellant's answer, and the jury returned a general verdict in favor of appellees, placing their damages at $3,000.

[1] The principal witness for appellees to establish the act of negligence alleged in the petition was a Mrs. Welch, an eyewitness to the accident. On said occasion she was driving a Dodge automobile in the opposite direction to that traveled by appellant's truck, in the same block in Lancaster avenue on which the accident occurred, and was not far from the accident. She testified to facts that raised the issue of discovered peril, as well as raised the issue of each of the acts of negligence above stated. In giving her testimony she became confused in distances that she gave, and also contradicted herself in some respects in reference to these distances. She saw the boy on the sidewalk on the west side of the avenue and saw the truck further south, coming north on the avenue; she saw the boy leave the sidewalk and hastily attempt to cross the avenue, and saw him until just before the collision; when she closed her eyes to shut off the scene of the collision which she believed to be inevitable. At the conclusion of her testimony appellant moved to exclude the material portion of same from the jury because of the contradictions made by the witness, and because her statement contradicted the physical facts as they appeared at the time of the collision. The court overruled this motion, and this ruling of the court is duly assigned as error. At the conclusion of the testimony appellant requested peremptory instructions on the theory that, because of the contradictions above mentioned, the evidence was not of sufficient potency to raise any issue on the cause of action alleged, and assigns error on the refusal of the court to give said peremptory instruction in its favor.

We do not think the court erred in the ruling on appellant's motion to strike out the said testimony. It was not so against the physical facts surrounding the accident as that a court could say its potency was entirely destroyed. The contradictions contained in the witness' recital of her testimony were for the jury to pass upon and not the court. For the same reason it was not error for the court to refuse peremptorily to instruct the jury in behalf of appellant. The testimony given by the witness Mrs. Welch raised all the issues submitted by the court authorizing a recovery in this case. The evidence of Mrs. Welch, when viewed from the standpoint of appellees, tended to show that, if the driver of appellant's truck had been keeping a lookout that a proper regard for the safety of those

on the avenue at the time demanded of him, he could have avoided a collision with the child.

[2] The driver of the truck testified to facts that rendered him absolutely blameless in the matter of causing the collision. He testified that a driver of another automobile going south, some distance ahead of Mrs. Welch's car, passed him almost at the place of the accident; that just as this car passed sufficiently so that he could have a view in the direction that the child was coming he saw the child for the first time about three feet in front of the car, and that at the time the speed of the truck was only 10 or 12 miles an hour, and, though he did his utmost, he could not stop the car before the boy was struck by the right fender of his truck; that the truck passed over the child, but the wheels on either side did not touch him; and that he stopped his car by the time it had passed over the child and picked him up right at the rear end of his car. The scene of the accident was nearly opposite two ladies who were sitting on the porch in a house on the west side of the avenue. One of these ladies was reading a paper and did not see what was transpiring in the street until she heard the noise of the collision of the car with the child and looked up; the other lady's attention was not drawn to the street until the child was in front of the car and only about three feet from it. Neither of these ladies saw the automobile driven by the man as testified to by the driver of the truck. Mrs. Welch states positively that from the time she saw appellant's truck a considerable distance south of the child walking on the west side of the street until the accident occurred nothing intervened between her and appellant's truck. These contradictions of testimony were a matter for the jury, and the jury's finding in favor of appellees cannot be disturbed by this court.

[3] The court's charge on the measure of damages is as follows:

"If you find for the plaintiffs, the measure of damages, if any, would be such a sum of money, if paid now, as you find from the evidence either or both of such plaintiffs had a reasonable expectation of receiving from the deceased, Everett Webb, after he attained his majority, if he had lived, and the reasonable value of the services, if any, of said Everett Webb until he attained such majority, deducting from the aggregate thereof the reasonable cost and expense which you believe from the evidence the plaintiffs would have incurred in educating, supporting and maintaining said child until he attained his majority."

Error is duly assigned on that portion of the court's charge submitting as an element of damages what appellees had a reasonable expectation of receiving from the deceased, Everett Webb, after he attained his majority, had he lived. The objection made is that there was no evidence from which the jury could find that appellees were entitled to recover any compensation for any contributions of money, or other value, after their son reached his majority.

It has frequently been decided in this state that an element of damages recoverable for the wrongful death of a small child is the reasonable expectation of what the parents would have received from the child after it reached its majority, had it been permitted to live. This is a very just rule, and is founded upon human observation and experience. It rests in the sacred tie that exists between parent and child. Of course, it is not a matter of absolute proof. It must be deduced from the evidence of the character that appeared to be forming in the child while it was living. If that character reasonably appeared to be one of industry and of love and devotion to the parents, of obedience and regard to their will and their happiness, then a jury is permitted to take this element into consideration in fixing the loss occasioned parents by the death of the child. M., K. & T. Ry. Co. v. Snowden, 44 Tex. Civ. App. 509, 99 S. W. 865; G., H. & S. A. Ry. Co. v. Pigott, 54 Tex. Civ. App. 367, 116 S. W. 841.

[4] The testimony in this case in reference to this child warranted the submission on the measure of damages made by the court in the charge. Its parents testified that they were 42 and 34 years of age, respectively, and were working people with no source of income except their labor, and would not be able to send the boy to college. He appears to have been a willing helper to his parents; he washed the dishes, swept the floors, carried wood, and did a great many of those little things he was capable of doing to relieve the hard-working mother. His father testified that every time the child had a dime or a nickle he put it in a savings bank or gave it to his mother. Both testified that he was strong and vigorous for his age, and bright in mind and dutiful and obedient to their command. The mother testified that she depended on him, if anything should happen to the father, to be a support to her. In other words, the testimony tended to show that there was growing up in their home a manly boy, who, when he had reached his maturity, would have remembered the father and mother and contributed substantially to their burden of life. There was no error in giving this charge.

[5] Appellant requested the following special charge, which was refused by the court:

"Even if you believe that plaintiffs, in the selection of the physicians, or surgeons, who treated their son, Everett Webb, and who performed the operation on his leg, used 'ordinary care,' and even though you believe that Everett Webb's death was due to the negligence of the surgeon and his helpers in administering the ether, you are instructed that, before plaintiffs are entitled to recover for the death of

Everett Webb, you must find and believe from the evidence that defendant was responsible for the original injury, and that Everett Webb's death was a natural and probable result of such injury."

This charge was refused, and error is duly assigned on such action of the court. Under appellant's pleadings and the general charge of the court submitting appellant's defenses as pleaded, we do not think it was error to refuse this charge, and this assignment is overruled.

Finding no reversible error, the judgment is affirmed.